UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GREAT AMERICAN INSURANCE, COMPANY,
    Plaintiff,

Civil Action No. 1:15-cv-087
Barrett, J.
Litkovitz, M.J.

vs.

M & D TRANSPORTATION SERVICES, INC.,
    Defendant.

**ORDER**

Plaintiff Great American Insurance Company brings this interpleader action against a large number of corporate defendants. The Court has *sua sponte* reviewed the docket of the proceedings and has ascertained that the following corporate entities have been named as defendants in this action and have been served but have not entered an appearance either pro se or through counsel: Assist Financial Services, Inc., on behalf of Litmax Lines, Inc.; Litmax Lines, Inc.; KWL Trucking, Inc.; Kee & C Enterprises, LLC; United States Freight Service - Road and Rail, Inc.; Seven Star Express, Inc.; London Transport, Inc.; Freight Transport, Inc.; Trucking Experts, LLC; Leyte Gulf, Ltd.; Frank's Vacuum Truck Service, Inc.; JPMKL, Inc.; Sunbelt Finances, LLC, on behalf of On Time Logistics, LLC; Clark Transportation, Inc.; Cargo Transit Corp.; JB Transportation, Inc.; Riviera Finance of Texas, Inc., on behalf of Southwind Transportation, Inc., and Udui Trucking, LLC; Udui Trucking, LLC; A.J. Lines, Inc.; DF Carrier, LLC; Firstline Funding Group, on behalf of Eva Logistics, Inc., and SAS Transportation, LLC; SAS Transportation, LLC; Menke, LLC; ZS Transportation, LLC; USXL Worldwide, LLC; JD Factors, Inc., on behalf of BNX, LLC, and Pro Star Freight Systems, Inc.; BNX, LLC; Pro Star Freight Systems, Inc.; JT Express, Inc.; Corelogic, Inc., on behalf of LTI Trucking

Services, Inc., Stallion Transportation Group, Inc., and A&S Services Group, Inc.; LTI Trucking Services, Inc.; Stallion Transportation Group, LLC; A&S Services Group, Inc.; Golden Eagle Transportation; Pioneer Tank Lines, Inc.; Taylor Logistics, doing business as Taylor Truck Line, Inc.; Tower Truck Lines, Inc.; Miller & Overton Trucking, Inc.; MAG Transportation, LLC; Fischer Trucking, Inc.; JTrans, Inc.; Special Delivery Express, Inc.; All Seasons Express, LLC; Nationwide Freight Systems, Inc.; American Highway, Inc.; Buchanan Hauling & Rigging, Inc.; LCA Trucking, Inc.; Ash Transport, LLC; Pinewood Transportation, Ltd.; HD Express, Inc.; Pocono Motor Freight, Inc.; Freight Zone Transportation, LLC; MMM Freight Corp.; GP Transportation Co.; St. Charles Trading, Inc.; Stewardship, Inc.; Transport One, Inc.; Owner-Operators Independent Drivers Association, on behalf of LHO Transport, Inc., and TJ Transportation, LLC; LHO Transport, Inc.; TJ Transportation, LLC; A&M Carriers, LLC; Bill Funk Trucking, Inc.; Chasers Express, LLC; M&P Trans, Inc.; Terminal Transport, Inc.; West Wind Logistics, Inc.; Logistics Services, Inc.; Bohren Logistics, Inc.; H.T.I. Hall Trucking Express, Inc.; Dennis R. Hilker Trucking, LLC; National Express Carriers, Inc.; KW Transit, Inc.; Riviera Finance of Texas, Inc., on behalf of Drina Trans, Inc.; Drina Trans, Inc.; B&M Transportation, LLC; Krueger Transportation, Inc.; Century Finance, LLC, on behalf of Coast 2 Coast Transport, Inc.; Danways Express, LLC; Sargent Trucking, LLC; Uriel Trucking, LLC; Casket Carriers, Inc.; Trademark Transportation, Inc.; RG Transport, LLC; TAK Trucking, Inc.; B&Z Logistics, Inc.; Flagship Transportation, LLC; Family Transport, Inc.; HMD Trucking, Inc.; Herrington Transportation, Inc.; P&B Logistics, Inc.; and Piccolo, Inc.

    Any of the above named defendants who wish to enter an appearance in this case must do so through counsel. Title 28 U.S.C. § 1654 provides: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such

courts, respectively, are permitted to manage and conduct cases therein." Although § 1654 permits an individual to represent his or her own interests in federal court, the statute does not permit artificial entities, such as corporations, partnerships, associations, or limited liability corporations, to prosecute or defend in federal court except through an attorney who is licensed and admitted to practice in that particular court. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) (all artificial entities, such as corporations, partnerships, or associations, may only appear in federal court through a licensed attorney). These corporate defendants must therefore proceed in this case through counsel.

Where a corporation fails to appear through counsel, default judgment is warranted pursuant to Fed. R. Civ. P. 55. *See Tri-State Hosp. Supply Corp. v. Medi-Pac, LLC*, No. 1:06cv824, 2007 WL 3146553, at *3 (S.D. Ohio Oct. 25, 2007) (Barrett, J.); *State Farm Mut. Auto. Ins. Co. v. Edward L. Johnson, P.C.*, No. 11-13819, 2013 WL 2456006, at *5 (E.D. Mich. June 6, 2013) ("A default judgment has been found to be appropriate when a corporate defendant has failed to obtain, and appear through, counsel.") (citing *Gerber v. Riordan*, 649 F.3d 514, 516 (6th Cir. 2011); *Tri-State Hospital Supply Corp.*, No. 1:06cv824, 2007 WL 3146553)). Moreover, courts have found it appropriate to enter default judgment against a defendant who fails to answer an interpleader complaint. *Usable Life Co. v. Gann*, No. 1:09-cv-77, 2009 WL 4348588, at *2 (E.D. Tenn. Nov. 24, 2009) (Court granted default judgment against interpleader defendant who did not answer complaint). *See also Amoco Prod. Co. v. Aspen Grp.*, 59 F. Supp. 2d 1112, 1116 (D. Colo. 1999) (Court granted default judgment in interpleader action against corporate defendant who failed to enter an appearance through counsel). The defaulting party's interest in the funds at issue in an interpleader action is terminated upon entry of a default judgment. *Usable Life Co.*, No. 1:09-cv-77, 2009 WL 4348588, at *2.

3

In accordance with the foregoing, failure of an above-named corporate defendant to enter an appearance in this action through counsel in accordance with the terms of this Order will result in entry of default judgment against that defendant.[1]

## IT IS THEREFORE ORDERED THAT:

1. The following corporate defendants shall enter an appearance in this action through counsel within **thirty (30) days** of the date of this Order: Assist Financial Services, Inc., on behalf of Litmax Lines, Inc.; Litmax Lines, Inc.; KWL Trucking, Inc.; Kee & C Enterprises, LLC; United States Freight Service - Road and Rail, Inc.; Seven Star Express, Inc.; London Transport, Inc.; Freight Transport, Inc.; Trucking Experts, LLC; Leyte Gulf, Ltd.; Frank's Vacuum Truck Service, Inc.; JPMKL, Inc.; Sunbelt Finances, LLC, on behalf of On Time Logistics, LLC; Clark Transportation, Inc.; Cargo Transit Corp.; JB Transportation, Inc.; Riviera Finance of Texas, Inc., on behalf of Southwind Transportation, Inc., and Udui Trucking, LLC; Udui Trucking, LLC; A.J. Lines, Inc.; DF Carrier, LLC; Firstline Funding Group, on behalf of Eva Logistics, Inc., and SAS Transportation, LLC; SAS Transportation, LLC; Menke, LLC; ZS Transportation, LLC; USXL Worldwide, LLC; JD Factors, Inc., on behalf of BNX, LLC, and Pro Star Freight Systems, Inc.; BNX, LLC; Pro Star Freight Systems, Inc.; JT Express, Inc.; Corelogic, Inc., on behalf of LTI Trucking Services, Inc., Stallion Transportation Group, Inc., and A&S Services Group, Inc.; LTI Trucking Services, Inc.; Stallion Transportation Group, LLC; A&S Services Group, Inc.; Golden Eagle Transportation; Pioneer Tank Lines, Inc.; Taylor Logistics, doing business as Taylor Truck Line, Inc.; Tower Truck Lines, Inc.; Miller & Overton Trucking, Inc.; MAG Transportation, LLC; Fischer Trucking, Inc.; JTrans, Inc.; Special Delivery Express, Inc.; All Seasons Express, LLC; Nationwide Freight Systems, Inc.; American Highway, Inc.; Buchanan Hauling & Rigging, Inc.; LCA Trucking, Inc.; Ash Transport, LLC; Pinewood Transportation, Ltd.; HD Express, Inc.; Pocono Motor Freight, Inc.; Freight Zone Transportation, LLC; MMM Freight Corp.; GP Transportation Co.; St. Charles Trading, Inc.; Stewardship, Inc.; Transport One, Inc.; Owner-Operators Independent Drivers Association, on behalf of LHO Transport, Inc., and TJ Transportation, LLC; LHO Transport, Inc.; TJ Transportation, LLC; A&M Carriers, LLC; Bill Funk Trucking, Inc.; Chasers Express, LLC; M&P Trans, Inc.; Terminal Transport, Inc.; West Wind Logistics, Inc.; Logistics Services, Inc.; Bohren Logistics, Inc.; H.T.I. Hall Trucking Express, Inc.; Dennis R. Hilker Trucking, LLC; National Express Carriers, Inc.; KW Transit, Inc.; Riviera Finance of Texas, Inc., on behalf of Drina Trans, Inc.; Drina Trans, Inc.; B&M Transportation, LLC; Krueger Transportation, Inc.; Century Finance, LLC, on behalf of Coast 2 Coast Transport, Inc.; Danways Express, LLC; Sargent Trucking, LLC; Uriel Trucking, LLC; Casket Carriers, Inc.; Trademark Transportation, Inc.; RG Transport, LLC; TAK Trucking, Inc.; B&Z Logistics, Inc.; Flagship Transportation, LLC; Family Transport, Inc.; HMD Trucking, Inc.; Herrington Transportation, Inc.; P&B Logistics, Inc.; and Piccolo, Inc.

---

[1] The Court notes that service has not yet been executed on the following corporate defendants: Genex Express Enterprises, Inc.; Webb Farm Services; Real Transport, Inc.; USA Choice, Inc.; Apex Capital Corp., on behalf of National Express Carriers, Inc.; Coast 2 Coast Transport, Inc.; and Baxter Bailey & Associates, Inc., on behalf of Herrington Transportation, Inc., Family Transport, Inc., HMD Trucking, Inc., Piccolo, Inc., and P&B Logistics, Inc.

2. Failure of a corporate defendant to enter an appearance through counsel in accordance with the terms of this Order will result in entry of default judgment against that defendant.

Date: 6/29/15

Karen L. Litkovitz
United States Magistrate Judge

5