UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GREAT AMERICAN INSURANCE,
COMPANY,
        Plaintiff,

vs.

M & D TRANSPORTATION
SERVICES, INC.,
        Defendant.

Civil Action No. 1:15-cv-087
Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court on plaintiff Great American Insurance Company's "Motion for a Ruling on Doc. # 65, Order." (Doc. 87). Plaintiff requests that default judgment be entered against those corporate defendants named by the Court in its Order issued on June 30, 2015, who have not entered an appearance through counsel. (Doc. 65).

Plaintiff brings this interpleader action against a large number of corporate defendants. After conducting a *sua sponte* review of the docket of the proceedings, the Court ascertained that many corporate entities named as defendants in the action were appearing pro se. (Doc. 62). The Court also determined that a number of the corporate entities that had been named as defendants had been served but had not entered an appearance either pro se or through counsel. (Doc. 65). The Court ordered that the corporate defendants identified in the Orders had 30 days to enter an appearance in this action through counsel and that failure to do so in accordance with the terms of the applicable Order would result in entry of default judgment against that corporate defendant. (Docs. 62, 65).

Since the Court issued its Orders in June 2015, three corporate defendants named in the Orders have entered an appearance through counsel: KWL Trucking, Inc. (Doc. 68); MIB

Transport, LLC (Doc. 75); and Jason Transport, Inc. (Doc. 81). The remaining corporate defendants identified in the Court's Orders have not entered an appearance through counsel in accordance with the terms of the Orders. Default judgment should be entered against those corporate defendants who have not entered an appearance through counsel for the reasons set forth in the Court's Orders.[1] (Docs. 62, 65).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's "Motion for a Ruling on Doc. # 65, Order" (Doc. 87) be **GRANTED**.

2. Default judgment be entered against the following corporate defendants: Stark Logistics, LLC; Network Xpress, Inc.; Tiesler Trucking, Inc.; Artur Express, Inc.; G.M. Freight, Inc.; Assist Financial Services, Inc., on behalf of Litmax Lines, Inc.; Litmax Lines, Inc.; Kee & C Enterprises, LLC; United States Freight Service- Road and Rail, Inc.; Seven Star Express, Inc.; London Transport, Inc.; Freight Transport, Inc.; Trucking Experts, LLC; Leyte Gulf, Ltd.; Frank's Vacuum Truck Service, Inc.; JPMKL, Inc.; Sunbelt Finances, LLC, on behalf of On Time Logistics, LLC; Clark Transportation, Inc.; Cargo Transit Corp.; JB Transportation, Inc.; Riviera Finance of Texas, Inc., on behalf of Southwind Transportation, Inc., and Udui Trucking, LLC; Udui Trucking, LLC; A.J. Lines, Inc.; OF Carrier, LLC; Firstline Funding Group, on behalf of Eva Logistics, Inc., and SAS Transportation, LLC; SAS Transportation, LLC; Menke, LLC; ZS Transportation, LLC; USXL Worldwide, LLC; JD Factors, Inc., on behalf of BNX, LLC, and Pro Star Freight Systems, Inc.; BNX, LLC; Pro Star Freight Systems, Inc.; JT Express, Inc.; Corelogic, Inc., on behalf of LTI Trucking Services, Inc., Stallion Transportation Group, Inc., and A&S Services Group, Inc.; LTI Trucking Services, Inc.; Stallion Transportation Group, LLC; A&S Services Group, Inc.; Golden Eagle Transportation; Pioneer Tank Lines, Inc.; Taylor Logistics, doing business as Taylor Truck Line, Inc.; Tower Truck Lines, Inc.; Miller & Overton Trucking, Inc.; MAG Transportation, LLC; Fischer Trucking, Inc.; JTrans, Inc.; Special Delivery Express, Inc.; All Seasons Express, LLC; Nationwide Freight Systems, Inc.; American Highway, Inc.; Buchanan Hauling & Rigging, Inc.; LCA Trucking, Inc.; Ash Transport, LLC; Pinewood Transportation, Ltd.; HD Express, Inc.; Pocono Motor Freight, Inc.; Freight Zone Transportation, LLC; MMM Freight Corp.; GP Transportation Co.; St. Charles Trading, Inc.; Stewardship, Inc.; Transport One, Inc.; Owner- Operators Independent Drivers Association, on behalf of LHO Transport, Inc., and TJ Transportation, LLC; LHO Transport, Inc.; TJ Transportation, LLC; A&M Carriers, LLC; Bill Funk Trucking, Inc.; Chasers Express, LLC; M&P Trans, Inc.;

---

[1] As explained in the Court's Orders, a corporate defendant who wishes to enter an appearance in a federal lawsuit must do so through counsel. (Docs. 62, 65, citing 28 U.S.C. § 1654; *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993)). Where a corporation fails to appear through counsel, default judgment is warranted pursuant to Fed. R. Civ. P. 55. (Docs. 62, 65).

2

Terminal Transport, Inc.; West Wind Logistics, Inc.; Logistics Services, Inc.; Bohren Logistics, Inc.; H.T.I. Hall Trucking Express, Inc.; Dennis R. Hilker Trucking, LLC; National Express Carriers, Inc.; KW Transit, Inc.; Riviera Finance of Texas, Inc., on behalf of Drina Trans, Inc.; Drina Trans, Inc.; B&M Transportation, LLC; Krueger Transportation, Inc.; Century Finance, LLC, on behalf of Coast 2 Coast Transport, Inc.; Danways Express, LLC; Sargent Trucking, LLC; Uriel Trucking, LLC; Casket Carriers, Inc.; Trademark Transportation, Inc.; RG Transport, LLC; TAK Trucking, Inc.; B&Z Logistics, Inc.; Flagship Transportation, LLC; Family Transport, Inc.; HMD Trucking, Inc.; Herrington Transportation, Inc.; P&B Logistics, Inc.; and Piccolo, Inc.

Date: 10/27/15

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GREAT AMERICAN INSURANCE,
COMPANY,
    Plaintiff,

Civil Action No. 1:15-cv-087
Barrett, J.
Litkovitz, M.J.

vs.

M & D TRANSPORTATION
SERVICES, INC.,
    Defendant.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).